# UNITED STATES DISTRICT COURT

## for the

### Southern District of California

FILED

12 JUN -7 PM 10: 50

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. |
| Google, Inc. | ) | '12MJ2108 |
| 1600 Amphitheatre Parkway | ) | |
| Mountain View, CA 94043 | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Northern_____ District of _____California_____ *(identify the person or describe property to be searched and give its location):* see Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* see Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of _____18_____ U.S.C. § _____1591, 2423_____, and the application is based on these facts: See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Anthony Rios, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/7/12

_____
*Judge's signature*

City and state: San Diego, CA

Mitch D. Dembin, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Special Agent Anthony Rios, upon being duly sworn do hereby state that the following is true to my knowledge and belief:

1.    I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since May 2007. Prior to employment with HSI, I earned a Bachelor of Arts degree in Political Science from the University of California, Irvine.  I am currently assigned to the Human Trafficking Unit, San Diego, California.   I have experience and have received training in the areas of alien smuggling, human trafficking, money laundering, and narcotics interdiction.  I also have experience in obtaining and executing arrest and search warrants.  As part of my current duties, I investigate criminal violations relating to human trafficking, forced labor and other criminal violations including 18 U.S.C. §1591 (a) and (b), sex trafficking of a minor, and 18 U.S.C. §2423(a), transportation of a minor to engage in prostitution.

2.    This affidavit is offered in support of an application by the United States of America for a search warrant for Google, Inc.  I seek authority to search Google, Inc. located as described in Attachment "A", for the following email accounts as described in Attachment "B", paragraph II: **myralopez19@gmail.com** from April 6, 2012 to the present ("Target Email"), for items which constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, Title 18, United States Code, Sections 1591(a) and (b) [sex trafficking of a minor] and 2423(a) [transportation of a minor to engage in prostitution].

3.    This affidavit is based upon information I have gained through training and experience, as well as upon information related to me by other individuals, including law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known concerning this investigation but have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence relating to violations of Title 18, United States Code §§ 1591 (a) and (b) and 2423(a), described in Attachment B, is located at the address described in Attachment A.

4.     Based upon the following information, I believe there is probable cause to believe that currently located within the above-described location (See Attachment "A") there is evidence, fruits and instrumentalities of sex trafficking and enticement, in violation of Title 18 U.S.C. §§ 1591 (a) and (b) and 2423(a), more particularly described in Attachment B.

## STATEMENT OF PROBABLE CAUSE

5.     On May 2, 2012, National City Police Department (NCPD) officers received a citizen's complaint about a female loitering near an AM/PM convenience store in National City, California, on suspicion of possible prostitution. NCPD officers responded and encountered L.R., later determined to be a 14-year old female. During the initial contact, L.R. advised NCPD officers that her name was "Mercedes" and that her identification documents were located in her hotel room at the Clarion Hotel located at 700 National City Boulevard, National City, California. When asked by officers how to spell her first name, L.R. was unable to do so. Officers offered to take L.R. to retrieve her identification documents and escorted L.R. to her hotel room at the Clarion Hotel. L.R. provided consent to NCPD officers to enter the hotel room, where she provided identification documents purporting to show her name as Mercedes Cortes, age 18. NCPD officers observed that the photograph on the identification did not match L.R.'s physical appearance. NCPD officers also observed used and unused condoms. L.R. was transported to the NCPD station for further questioning.

6.     At the NCPD station, L.R. stated to NCPD and HSI Special Agents that she was not Mercedes Cortes, but in fact L.R., age 14 from El Paso, Texas. L.R. stated that she met Randy Martell BALLARD through a friend in El Paso, Texas in early April 2012. BALLARD purchased a bus ticket for him and L.R. to travel together to San Diego, California. BALLARD advised L.R. that she would be travelling to San Diego to engage in prostitution. L.R. stated that since her arrival to California, she stayed at several hotels throughout the Southern California area engaging in prostitution. L.R. stated that she engaged in sexual activity with approximately 7 to 10 clients per day. L.R. stated that her services cost $150.00 for 30 minutes and $200.00 for 1 hour of sexual activity. L.R. stated that she provided BALLARD with all of the money earned from prostitution. L.R. stated that BALLARD knew she was under 18 years of age. L.R. stated

that BALLARD would purchase condoms for her to use and also purchased the clothes for her to wear. L.R. was asked by BALLARD to recruit more females to work with them.

7.      NCPD officers located bus ticket receipts in Randy BALLARD's name along with "Jennifer Marie" dated April 13-14, 2012, reflecting travel from El Paso, Texas to Los Angeles, CA. A social security card in the name of "Jennifer Marie Caballero" was recovered from L.R.'s hotel room. The hotel room was rented by and registered to Randy BALLARD. The Clarion Hotel provided HSI agents with hotel receipts in BALLARD's name for stays from April 20-22, 2012, and April 30 – May 2, 2012 (the room was booked until May 3rd).

8.      HSI agents, through a Google query of the telephone number for a phone that L.R. had in her possession found numerous backpage.com online prostitution ads. These ads displayed actual photographs of L.R. and listed her phone number as the contact number. Similar backpage.com prostitution ads were found through a Google query of a telephone number linked to BALLARD by a receipt the NCPD had seized as part of their contact with L.R, (213) 909-4333.

9.      On May 3, 2012, HSI served an administrative subpoena to the Custodian of Records at Backpage.com for information relating to the aforementioned prostitution ad postings. The information returned by Backpage.com revealed that 14-year old L.R. was posted daily on backpage.com from April 6, 2012 through May 2, 2012, with the exception of no advertisements being posted for L.R. on April 7, 2012 and on April 29, 2012.  Each of the prostitution ads described her as Cindy, 18 years of age, and featured from 3 to 7 actual photographs of L.R. A prostitution advertisement featuring L.R. was posted on backpage.com for the El Paso, Texas area from April 6, 2012, through April 13, 2012 (with the exception of no posting on April 7th). A prostitution advertisement featuring L.R. was posted on backpage.com for the Los Angeles, California area from April 15, 2012, through April 18, 2012. A prostitution advertisement featuring L.R. was posted on backpage.com for the San Diego, California area from April 19, 2012, through April 22, 2012. A prostitution advertisement featuring L.R. was posted on backpage.com for the Los Angeles, California area from April 22, 2012, through April 26, 2012. A prostitution advertisement featuring L.R. was posted on backpage.com for the Orange County,

California area from April 26, 2012, through April 28, 2012. A prostitution advertisement featuring L.R. was posted on backpage.com for the San Diego, California area from April 30, 2012, through May 2, 2012.

10.     In the subpoena return, Backpage.com provided, the address 4366 Menlo Ave 24, San Diego, CA 92115, or some version of it (missing apartment number, different zip code) as the predominant billing address listed. Backpage.com records indicate that the all of the aforementioned prostitution ads were associated to the email addresses jazmindavis188@gmail.com and mercedezdavis18@gmail.com. These email addresses were provided by the poster to Backpage.com as a contact email address. After the detention of L.R. on May 2, 2012, the ads on backpage.com became inaccessible or deleted.

11.     On May 3, 2012, United States Magistrate Judge William V. Gallo issued a warrant for the arrest of Randy Martell Ballard and a Complaint charging him with offenses in violation of Title 18, United States Code, Sections 1591(a) and (b) [sex trafficking of a minor] and 2423(a) [transportation of a minor to engage in prostitution].

12.     On May 11, 2012, HSI agents, through a Google query of the telephone number (213) 909-4333---associated with BALLARD---found Backpage.com online prostitution ads of L.R. in the LAX area of Los Angeles, California. These ads displayed the photographs of L.R that had been previously posted. HSI agents, with assistance from the Los Angeles County Sheriff's Department (LASO) conducted an in-call prostitution operation targeting L.R. and BALLARD at the Comfort Inn and Suites LAX located at 4922 W. Century Blvd., Los Angeles, California. Both L.R. and BALLARD were subsequently taken into custody.

13.     On May 14, 2012, HSI served an administrative subpoena to the Custodian of Records at Backpage.com for information relating to the aforementioned prostitution ad postings. The information returned by Backpage.com revealed that L.R. was posted on backpage.com from May 7, 2012 through May 11, 2012 in similar fashion to the previous postings including name, language, and photographs. The prostitution advertisement featuring L.R. was posted on

Backpage.com for the LAX area of Los Angeles, California. The email address associated with the advertisements is **myralopez19@gmail.com** (Target Email).

## PRIOR ATTEMPTS TO OBTAIN DATA

14.     The United States has not attempted to obtain this data by other means.

## GENUINE RISKS OF DESTRUCTION

15.     Based upon my experience and training, and the experience and training of other agents with whom I have communicated, electronically stored data can be permanently deleted or modified by users possessing basic computer skills. In this case, only if the subject receives advance warning of the execution of this warrant, will there be a genuine risk of destruction of evidence.

## INTERNET SERVICE PROVIDER (ISP)

16.     Google, Inc. is an Internet company, which, among other things, provides electronic communication services to its subscribers as Google. Google electronic mail service allows Google subscribers to communicate with other electronic mail subscribers through the Internet. ISP subscribers access Google's services through the Internet.

17.     Subscribers to Google use screen names during communications with others. The screen names may or may not identify the real name of the person using a particular screen name. Although Google requires users to subscribe for a free Google account, Google does not verify the information provided by the subscriber for its free services.

18.     At the creation of a Google account and for each subsequent access to the account, Google logs the Internet Protocol ("IP") address of the computer accessing the account. An IP address is a unique address through which a computer connects to the Internet. IP addresses are leased to businesses and individuals by Internet Service Providers. Obtaining the IP addresses that have accessed a particular Google account often identifies the Internet Service Provider that owns and has leased that address to its customer. Subscriber information for that customer then can be obtained using appropriate legal process.

## PROCEDURES FOR ELECTRONICALLY STORED INFORMATION

19.     Federal agents and investigative support personnel are trained and experienced in identifying communications relevant to the crimes under investigation. The personnel of Google are not. It would be inappropriate and impractical for federal agents to search the vast computer network of Google for the relevant accounts and then to analyze the contents of those accounts on the premises of Google. The impact on Google's business would be severe.

20.     Therefore, I request authority to seize all content, including electronic mail and attachments, stored instant messages, stored voice messages, photographs and any other content from the Google accounts, as described in Attachment B. In order to accomplish the objective of the search warrant with a minimum of interference with the business activities of Google, to protect the rights of the subject of the investigation and to effectively pursue this investigation, authority is sought to allow Google to make a digital copy of the entire contents of the accounts subject to seizure. That copy will be provided to me or to any authorized federal agent. The copy will be forensically imaged and the image will then be analyzed to identify communications and other data subject to seizure pursuant to Attachment B. Relevant data will be copied to separate media. The original media will be sealed and maintained to establish authenticity, if necessary.

21.     Analyzing the data to be provided by Google may require special technical skills, equipment and software. It also can be very time-consuming. Searching by keywords, for example, often yields many thousands of "hits," each of which must be reviewed in its context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Certain file formats do not lend themselves to keyword searches. Keywords search text. Many common electronic mail, database and spreadsheet applications, which files may have been attached to electronic mail, do not store data as searchable text. The data is saved in a proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases dramatically.

22.    Based on the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months.   Keywords need to be modified continuously based upon the results obtained. The personnel conducting the examination will complete the analysis within ninety (90) days of receipt of the data from the service provider, absent further application to this court.

23.    Based upon my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to review and seize all electronic mails that identify any users of the subject account(s) and any electronic mails sent or received in temporal proximity to incriminating electronic mails that provide context to the incriminating mails.

24.    All forensic analysis of the imaged data will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

_____
Anthony Rios, Special Agent, HSI

Subscribed and sworn to before me
this _____ 7th _____ day of June, 2012.

MITCH D. DEMBIN
United States Magistrate Judge

## ATTACHMENT A

Google is an Internet service provider with its primary computer information systems and other electronic communications and storage systems, records, and data located at Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## ATTACHMENT B

### I.    Service of Warrant

The officer executing the warrant shall permit Google, Inc., as custodian of the computer files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

### II.    Items subject to seizure

All subscriber and/or user information, all electronic mail, images, text messages, histories, buddy lists, profiles, method of payment, detailed billing records, access logs, transactional data and any other files associated with the following accounts and screen names from April 6, 2012 to June 6, 2012:

myralopez19@gmail.com

The search of the data supplied by Google, Inc. pursuant to this warrant will be conducted as provided in the "Procedures For Electronically Stored Information" of the incorporated affidavit submitted as an attachment to the affidavit submitted in support of this search warrant and will be limited to seizing electronic mail and attachments that are evidence of 18 U.S.C. §§1591 (a) and (b) and 2423:

       a.    Electronic communications and attachments advertising, offering, and/or soliciting to engage in sexual acts with another person in exchange for money or anything of value, including Craigslist receipts, backpage.com or other websites used to post prostitution ads;

       b.    Electronic communications and attachments to others recruiting, soliciting, obtaining them for the purpose of prostitution;

       c.    Electronic mail and attachments related to the identities of any co-conspirators;

       d.    Electronic mail and attachments that provide context to any electronic mail reflecting the criminal activity described in this warrant including any electronic mail sent or received in temporal proximity to any relevant electronic mail and any electronic mail that identifies any users of the subject account.